# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, HERRING, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist JOSE L. CUELLAR**
**United States Army, Appellant**

ARMY 20150375

Headquarters, U.S. Army Special Forces Command (Airborne)
Deidra J. Fleming, Military Judge
Lieutenant Colonel Terri J. Erisman, Staff Judge Advocate

For Appellant:  Colonel Mary J. Bradley, JA; Major Christopher D. Coleman, JA; Captain Payum Doroodian, JA (on brief).

For Appellee:  Lieutenant Colonel A.G. Courie III, JA; Major Michael E. Korte, JA; Captain Austin L. Fenwick, JA (on brief).

4 October 2016

---------------------------------
SUMMARY DISPOSITION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his plea, of possession of child pornography, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (2012) [hereinafter UCMJ].  The military judge sentenced appellant to a dishonorable discharge, confinement for thirty-one months, and reduction to E-1.  Pursuant to a pretrial agreement, the convening authority approved only so much of the adjudged sentence as provided for a dishonorable discharge, confinement for twenty-four months, and reduction to E-1.

This case is before us for review pursuant to Article 66, UCMJ.  Appellant raised two assignments of error.  Because we find a new action is required under one assignment of error, we do not address, at this time, the remaining assignment of error or matters raised personally by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

CUELLAR—ARMY 20150375

The government conceded that this case should be returned for a new action:

> The government submitted an undated "Action" which was signed by BG Xavier T. Brunson in his capacity as "acting commander." A later promulgating order was signed on November 25, 2015 by CPT Chad Brinton "By Command of Major General James E. Kraft, Jr." and attached to the record. BG Brunson was not the acting commander when he signed the document and therefore was not authorized to take action in this case. The appropriate commander to sign the action would have been MG Kraft, who was MG Darsie Rogers's successor-in-command.

We agree with both parties and hereby set aside the action and return the case for a new action.

**CONCLUSION**

Both the undated convening authority's action and the action dated 25 November 2015 are set aside. The record of trial is returned to The Judge Advocate General for a new action by the same or a different convening authority in accordance with Article 60(c)-(e), UCMJ.

Senior Judge CAMPANELLA and Judge HERRING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

2